UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 20 Cr. 98 (S2) (FB) |
| | : | |
| TIMOTHY MARTINEZ, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW**
**IN RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE**

Timothy Martinez, the Defendant herein, submits the following Memorandum of Law in response to certain aspects of the government's Motions in Limine:

**As to the Government's Statement of Facts**

Though this may go without saying, in an abundance of caution, other than as to the recitation of the procedural posture of this case, the Defendant notes that he does not subscribe to the government's theory of the case as laid out in its Statement of Facts.

**As to the Government's Request for a Protective Order for Two of Its Witnesses**

I.   As noted by the government, counsel conferred on this issue and the Defendant has no objection, in principle, to the Court issuing a protective order as outlined. However, in the course of examination of these witnesses, should an issue arise that requires inquiry into the witnesses' identifying information in Court, defense counsel will advise the Court prior to engaging in questioning of this nature.

## As to the Government's Proposed Twitter and Cash App Evidence

II. A.   Prior to offering evidence of alleged communications from Mr. Martinez, it is first incumbent on the government to establish that these communications were, in fact, created and sent by Mr. Martinez.

In addition, the Defendant suggests that the Court cannot at this point make a blanket ruling that the communications alleged to have been between Mr. Martinez and others are not hearsay. We respectfully suggest that each portion of an alleged conversation should be subject to the Court's individual scrutiny as to its relevance, probative or prejudicial nature, and whether that individual communication qualifies as hearsay, nonhearsay, or a hearsay exception.

The Defendant reserves the right to object to any alleged communication, or portion thereof, which the government seeks to enter into evidence.

The Defendant further objects to the government's assertion that, if such communication did occur, that its purpose was "solely to obtain child pornography." This assertion has no basis in fact or the evidence that will be presented and, as such, will be less determinative of Mr. Martinez's mental state than the government would have the Court believe.

B.   Furthermore, unless and until the government can produce evidence and/or witnesses who can provide information as to the identities, ages, and intentions of "Miaa", "Wet" and "The Thickest", the Defendant objects to the government's characterization of Mr. Martinez's intent to receive sexually explicit images of minor girls. We do not believe that the evidence will bear this out.

1.      The government argues that, "To the extent that the defendant intends to argue that he did not persuade victims to engage in sexually explicit conduct or take photos and videos of themselves doing so, the government is entitled to present direct evidence of the fact that the defendant routinely asked for nude pictures, including "new" pictures, specifically for him."

First, this suggests a level of burden-shifting. The Defendant is not required to preview for the government potential defense arguments. The government does not know what the Defendant will argue, and is asking for a ruling based upon speculation and supposition. As such, the government should not be "entitled" to argue anything based upon an anticipated argument by the defense.

Second, as with B, above, the government presupposes that it will be able to establish that the individuals with whom the "Timmay Twitter Account" interacted were, in fact, under 18 years of age and that it was Mr. Martinez's intention to secure picture or videos of a child, rather than an adult. The Defendant's state of mind cannot easily be derived from the evidence shared with the defense thus far.

As such, the "Timmay Twitter" communications should be subject to close scrutiny by the Court on an individualized basis.

2.      Years after the fact, in a long interview with law enforcement, Mr. Martinez was shown the title of a video and speculated as to its meaning. He did not comment on whether he had ever seen the video (or even the title of the video) prior to when the agents showed it to him. He did not comment on his state of mind at the time he was alleged to have seen the title as to what the title of the video meant. He simply

[3]

said, looking at it during the interview, that it "likely" referred to an age. He never even said it likely contained pornography.

Yet the government makes great hay over this "likely" comment and about Mr. Martinez's state of mind at the time of the charged crime, not the time of the law enforcement interview. Looking at a title of a video he may never have seen years before and speculating on the meaning of its title is not evidence of state of mind at the time of the alleged crime.

Furthermore, it is not illegal to pay for sexually explicit photos or videos, just sexually explicit photos or videos of children. The fact that Mr. Martinez may have sent money to a person via Cash App is entirely irrelevant unless the government can establish that a) Mr. Martinez was the one sending the payment, b) that Mr. Martinez was expecting illegal material in exchange for payment, and c) that he did, in fact, receive such material from the person he paid. Otherwise, this alleged evidence is entirely improper and wholly prejudicial.

**As to the Government's Proposal to Introduce Evidence Surrounding "MIAA"**

III.    The Defendant reiterates the same arguments as above with respect to the admission of evidence regarding "Miaa". There is a significant difference of opinion as to whether, in fact, "Miaa" "was presented as a minor" and whether Mr. Martinez interacted with "Miaa", Jane Doe #1 or Jane Doe #2 or had any knowledge that they were minors.

**As to the Government's Display of Child Pornography**

IV.    Defense counsel and the government have, as stated, discussed the government's proposal. Defendant simply asks that, as always, the Court seek to avoid any

[4]

undue prejudice beyond what is strictly necessary for the government to attempt to prove its case.

### **As to Mr. Martinez's Status as a Police Officer**

V.      Unless absolutely necessary—and we suggest that it is entirely unnecessary—the Defendant objects to any mention of his job. The allegation that, as a mandatory reporter, Mr. Martinez should have reported himself undermines the presumption of innocence. Mr. Martinez's failure to act presupposes that his actions were illegal, whereas his failure to act would be entirely normal if he had not been doing anything illegal. As Mr. Martinez stands before this Court innocent unless proven guilty, evidence that he "failed to act" as required by his job suggests knowledge of illegal activity that the government is still required to prove, and has yet to do so.

It also puts Mr. Martinez in a different position than other defendants, as someone who "should have known better" based upon his job in law enforcement. Should the Court allow the government to allow mention of Mr. Martinez's job or allow the mandatory reporter argument, Mr. Martinez will not be afforded the full protections granted to every other criminal defendant. He will be in a separate class—a police officer and upholder of the law, who is held to a higher standard than the average person.

As the government notes in its section VI, "Courts have broad discretion to exclude evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one[.]" Fed. R. Evid. 403, Adv. Comm. Notes." The mention of Mr. Martinez's job has the likelihood of exploiting potential anti-police bias in the jury or creating negative feelings toward Mr. Martinez as a "bad apple" in those who otherwise support police.

### As to the Government's Argument Against Evidence About Family, His "Purported" Girlfriend, Health, Search Warrants, Searches, Punishment, and Collateral Consequences

VI-VIII. The Defendant does not intend to introduce any of the categories of evidence to which the government refers here. However, should Mr. Martinez take the stand in his own defense, he should be granted a certain amount of leeway to discuss his life, family, and background, all of which are relevant to the jury's consideration of the evidence.

### As to the Government's Argument Regarding Witnesses' Sexual Histories

IX. The government here invokes what is commonly referred to as the "rape shield law," codified in the Federal Rules of Evidence. This rule should not be interpreted, however, to limit cross-examination of the government's witnesses with respect to their online activities, which is not contemplated by Rule 412.

Respectfully submitted,

Brill Legal Group, P.C.
*Attorneys for Timothy Martinez*

By: Peter E. Brill
306 Fifth Avenue, Penthouse
New York, NY 10001
(212) 233-4141
pbrill@brill-legal.com